## Case No. 17,904.

### WISDOM v. WILLIAMS et al.

[Hempst. 460.][1]
Circuit Court, D. Arkansas. April, 1846.

PLEA PUIS DARREIN CONTINUANCE.

A plea puis darrein continuance, admits the plaintiff's cause of action, displaces all previous pleas and defenses, and the defendant must stand on that alone.

[This was an action of debt by William S. Wisdom against John W. Williams and Hugh A. Blevins.]

A. Fowler, for plaintiff.
Daniel Ringo and F. W. Trapnall, for defendants.

PER CURIAM (JOHNSON, District Judge). A plea puis darrein continuance admits the plaintiff's cause of action, and even if the plea is established still the plaintiff is entitled to costs. It has the effect of displacing all other pleas and previous defences, and the party is obliged to stand on that alone. 10 Wend. 679; 1 Chit. Pl. 441; [Bank of U. S. v. Carneal] 2 Pet. [27 U. S.] 548; Stephen, Pl. 81, 83; [Wallace v. M'Connell] 13 Pet. [38 U. S.] 152; Story, Pl. 53, 54. By operation of law the previous pleas are considered as stricken from the record, and every thing is confessed except the matter contested by the plea puis darrein continuance.

WISE (ALEXANDRIA v.). See Case No. 187.

---

[1] [Reported by Samuel H. Hempstead, Esq.]

## Case No. 17,905.

### WISE v. BOWEN.

[2 Cranch, C. C. 239.][1]
Circuit Court, District of Columbia. April Term, 1821.

COMPETENCY OF WITNESS — INTEREST — OFFICER JUSTIFYING UNDER EXECUTION.

The defendant in replevin, who justifies under an execution directed to him as a constable, if indemnified by the plaintiff in the execution, and having no other interest than the possibility of receiving commissions and fees upon an execution which may be issued again in the same cause, is a competent witness for the defendant.
[Cited in Dixon v. Waters, Case No. 3,936; Hilton v. Beck, Id. 6,509.]

Replevin. The defendant pleads property in one Bellmyer, and justifies the taking, as constable, under an execution, to him directed, in the cause of Holtzman v. Bellmyer [unreported]. Holtzman, the real defendant, had indemnified the defendant Bowen, who, upon voir dire, stated that he was indemnified by Holtzman, and did not think himself interested, unless to the amount of his fees on an execution which might be issued in the case of Holtzman v. Bellmyer, in case the property should be found to be in Bellmyer.

THE COURT (CRANCH, Chief Judge, doubting) thought this interest too remote, and permitted the defendant to be sworn as a witness.