veyor-general intended to declare that he meandered the creek from the point where he first struck it, and continued meandering till he left it.

In the case of Quicksilver Min. Co. v. Hicks [Case No. 11,508], in this court, a similar question arose, in which Mr. Justice Field, who tried the case, says: "The patent to Fossat, in describing the land confirmed to him, gives the boundary line on one side as running to the center of Capitancellos creek, and 'thence meandering down the center of the same one chain and ninety links to station; thence north seventy-four degrees fifteen minutes west, five chains to station,' and so on from station to station, according to various courses and distances, to a point where the line leaves the creek. The several stations designated are on the bank of the creek and between the line drawn from one to the other and the creek lies the narrow strip of land in controversy. The defendant contends that the line drawn from station to station constitutes the boundary. The plaintiff, on the other hand, insists that the creek is the boundary, and that the courses between the stations only indicate the general direction of the stream, and that the stations are points fixed by the surveyor to enable him to compute the extent of land lying between the creek and the other boundaries. This latter view is undoubtedly correct. The language stating that the line meanders down the center of the stream settles the point. The stations could not, of course, be placed in the stream; nor could the estimate of the area in the tract confirmed be made from a tortuous line following the sinuosities of the creek. Of necessity, then, the stations had to be fixed on the bank, and they were fixed more or less distant from the creek, according to the condition of the bank at the points selected."

That case is precisely like the one in hand, and must control the decision. See, also. Cockrell v. McQuinn. 4 T. B. Mon. 61; Bruce v. Taylor, 2 J. J. Marsh. 161; McCullock v. Aten, 2 Ohio, 308; Lamb v. Rickets. 11 Ohio, 314; Brown v. Huger, 21 How. [62 U. S.] 306; Mayhew v. Norton, 17 Pick. 357; French v. Bankhead, 11 Grat. 136.

The Gavilan creek, as it existed at the time of the survey in September, 1858, from stations thirteen to twenty-eight, as shown by the patent and plat thereto annexed, to the Rancho Los Vergeles, must be held to be the dividing line between these two ranchos. The main controversy between the parties is upon the construction of their respective patents. The court, therefore, has jurisdiction under the act of congress of March 3, 1875.

The rental value is $30 per month. There must be a finding and judgment for plaintiff as to all that part of the premises described in the complaint lying northerly and easterly of the Gavilan creek, as it existed in the mouth of September, 1858, and for the mesne profits, at the rate of $30 per month, from July 15, 1875, till the present time, and it is so ordered.

---

HILLS (UNITED STATES v.). See Case No. 15,369.

HILMER v. The BOWEN. See Case No. 7,322.

---

## Case No. 6,508a.

### Case of HILTON et al.

[Cited in U. S. v. The Penelope, Case No. 16,024. Nowhere reported; opinion not now accessible.]

---

## Case No. 6,509.

### HILTON v. BECK.

[4 Cranch, C. C. 107.][1]

Circuit Court, District of Columbia. Dec. Term, 1830.

REPLEVIN—COMPETENCY OF WITNESS—CONSTABLE.

In replevin, the defendant, (a constable who had seized the goods of the plaintiff in execution as the goods of Harrington,) was permitted to testify for himself, upon being indemnified by the plaintiff in the execution.

Replevin, for goods of the plaintiff [Samuel Hilton], taken by the defendant, a constable, as the goods of one Harrington, upon a fieri facias against him.

Mr. Wallach, for plaintiff.

Mr. Coxe, for defendant.

The defendant [Joseph W.] Beck, was permitted by the court to testify for himself, upon being indemnified by the plaintiff in the fieri facias.

See the case of Wise v. Bowen [Case No. 17,905], in this court, at April term, 1821, and Dixon v. Waters [1d. 3,936], at December term, 1824.

---

HILTON (CARR v.). See Cases Nos. 2,436 and 2,437.

HILTON (CRAIK v.). See Case No. 3,342.

HIMELY (ROSE v.). See Cases Nos. 12,045 and 12,046.

HIMILI (ROSE v.). See Cases Nos. 12,047 and 12,048.

HINCHLEY (LOVE v.). See Case No. 8,548.

HINCHMAN, The KATE. See Cases Nos. 7,620 and 7,621.

HINCKEL (EASTMAN v.). See Case No. 4,256.

---

## Case No. 6,510.

### HINCKLEY v. BYRNE et al.

[1 Deady, 224.][2]

Circuit Court, D. California. April 22, 1867.

EJECTMENT — PLEA IN ABATEMENT—JURISDICTION —CITIZENSHIP.

1. In an action ex delicto. a plea in abatement by one defendant, to the effect that the

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Reported by Hon. Matthew P. Deady, District Judge, and here reprinted by permission.]